United States District Court
Southern District of Texas
**ENTERED**
August 30, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOWARD PAUL GUIDRY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-1885 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Texas death row inmate Howard Paul Guidry seeks federal habeas corpus relief. (Docket Entry No. 1). Respondent Lorie Davis has filed a motion for summary judgment arguing, in part, that Guidry failed to exhaust many of his claims in state court. (Docket Entry No. 40). Because "the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims," federal law honors a long-standing policy that "federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"). To comply with the exhaustion doctrine, an inmate must present the substance of his federal claims to the highest state court either on direct appeal or state collateral review. *See Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009). Guidry's briefing concedes that he has not exhausted fifteen of the nineteen claims he raises in his federal habeas petition. (Docket Entry No. 41 at 5-8).

Pursuant to the Supreme Court's holding in *Rose v. Lundy*, 455 U.S. 509 (1982), federal district courts traditionally "dismiss 'mixed' habeas corpus petitions . . . ." *Pliler v. Ford*, 542 U.S.

225, 227 (2004) (citing *Rose*, 455 U.S. 509). Dismissal of unexhausted claims, however, is not automatic. A claim is "technically exhausted" if "state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal . . . ." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991). "The exhaustion doctrine . . . turns on an inquiry into what procedures are 'available' under state law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999). To that end, the Court ordered the parties to brief whether "an available state avenue of relief exists for the unexhausted claims." (Docket Entry No. 42).

Respondent argues that Texas state law would prevent Guidry from filing another state habeas application to exhaust the challenged claims. Article 11.071 § 5 of the Texas Code of Criminal Procedure prohibits a Texas court from considering a successive habeas petition on the merits unless the petition satisfies limited exceptions. Respondent contends that, if Guidry returned to state court, any filing would be labeled a successive habeas application subject to dismissal as an abuse of the writ. Under Respondent's argument, Guidry's failure to exhaust "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless [he] can demonstrate cause and prejudice for the default." *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *see also Coleman*, 501 U.S. at 731-32. Respondent, therefore, argues that the federal procedural-default doctrine forecloses relief on Guidry's unexhausted claims.

Guidry argues that "there is an available state avenue of relief . . . ." (Docket Entry No. 47 at 1). Guidry, nevertheless, contends that this Court should retain jurisdiction of his claims and adjudicate their merits because he can demonstrate cause and prejudice to forgive any procedural bar.

However, it would be premature at this stage for the Court to find that Guidry has overcome a procedural bar of his claims. "Procedural default . . . occurs when a prisoner fails to exhaust available state remedies *and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.*" *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (emphasis added); *see also Coleman*, 501 U.S. at 736 n.1 ("[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, . . . [then] there is a procedural default for purposes of federal habeas."). If Guidry is correct and an available state court avenue for relief remains open to him, his claims are not technically exhausted and the procedural bar doctrine does not apply.

Guidry alternatively asks this Court to stay the federal action and allow his return to state court. (Docket Entry No. 41 at 5-6). The Supreme Court held that "a district court has discretion to stay a mixed petition . . . to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court for review of his perfected petition." *Day v. McDonough*, 547 U.S. 198, 210 n.10 (2006). A district court possesses authority to stay a federal habeas case when a petitioner shows "good cause," has not "engaged in intentionally dilatory litigation tactics," and raises potentially meritorious claims. *Rhines*, 544 U.S. at 278. The Court finds that the interests of justice would be best served by allowing the state courts the first opportunity to consider the unexhausted issues raised by Guidry's habeas claims.

The Texas courts should consider in the first instance whether Guidry's unexhasuted claims will allow him to file a subsequent habeas application in compliance with TEX. CODE CRIM. PRO. art. 11.071 § 5. *See Wilder v. Cockrell*, 274 F.3d 255, 262-63 (5th Cir. 2001) ("[B]ecause it is not

entirely clear that Texas' subsequent-application bar would prohibit consideration of [the petitioner's] claim, Texas courts should make that determination."). It may be that Texas will not allow Guidry to file a successive habeas application. However, "the State should be allowed to make the procedural bar, *vel non*, determination." *Id.* at 262. The Court, therefore, will stay this federal action so that Guidry may present in state court any issue needing exhaustion before returning to federal court.

Accordingly, the Court **DENIES** Respondent's summary judgment motion (Docket Entry No. 40) **WITHOUT PREJUDICE**. This case is **STAYED** and **ADMINISTRATIVELY CLOSED**. Guidry will expeditiously seek state relief and move to open this case within thirty days of the conclusion of state review, if necessary.

The Clerk is directed to provide copies of this order to the parties.

SIGNED at Houston, Texas on August 30, 2016.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE