IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| HOWARD PAUL GUIDRY | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | 4:13-cv-01885 |
| | § | |
| WILLIAM STEPHENS and LORIE | § | |
| DAVIS, Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Divisions, | § | This is a Death Penalty Case |

**PETITIONER'S REPLY IN SUPPORT OF MOTION FOR
LEAVE TO FILE SECOND AMENDED PETITION**

The rule is that when determining whether to allow a requested amendment to pleadings, a court should consider five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *North Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477–78 (5th Cir. 2018). Further, "delay alone is insufficient: [t]he delay must be *undue*, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Id.* (internal quotations omitted). The State fails to show that any of these factors apply.

The State only argues undue delay and prejudice, but in doing so is less than candid with the Court, making multiple misleading statements and arguments. First, the State complains that the motion to amend was filed "212 days after filing his amended petition and 89 days after the Director filed her Motion for Summary Judgment." Dkt 108 at 2. However, this time frame was extended beyond the Court's initial order not because of any delay caused by Mr. Guidry, but to accommodate the **State's** lead counsel's personal circumstances. On March 11, 2019, counsel for

1

the State wrote to Mr. Guidry's counsel as follows: "Due to life and work circumstances, I am going to request a 60 day extension in my reply to the Guidry amended petition and Motion for Discovery.  Please let me know if you oppose." Exhibit 1; G. Payton Decl., ¶ 2; see also Dkts 96, 97.

Mr. Guidry's counsel requested a reciprocal 60-day extension—because the requested extension disrupted time that Mr. Guidry's counsel had allocated to prepare a response to the State's motion.  Otherwise, no extension would have been necessary or requested.  G. Payton Decl., ¶ 4.

As pro bono counsel, Mr. Guidry's counsel need to carefully plan demanding projects such as opposing the State's summary judgment in this case to allow them to also meet their other obligations.  G. Payton Decl., ¶ 3.  Among other demands on their time, at the time the State made the request, Mr. Guidry's lead counsel had already scheduled six depositions, a mediation and a trial during five weeks following May 28, 2019, making it difficult for her to provide the necessary level of service to Mr. Guidry absent a reciprocal extension.  G. Payton Decl., ¶ 4.

This willingness to accommodate counsel for the State's "life and work circumstances" explains and is the only reason why the amendment occurred beyond the Court's Amended Scheduling Order after the Court terminated the stay.  *See* Dkt 57; see also Dkts 96, 97; G. Payton Decl., ¶¶ 3, 5.  Mr. Guidry's amended petition was due 60 days from November 26.  Dkt 57.  Mr. Guidry filed his petition on time, on January 25, 2019. Dkt 58 et seq.  The State's response, including any motion for summary judgment, was due 60 days later, on March 24. Dkt 57.  The State asked for a sixty-day extension, and the Court granted extension to May 28, after Mr. Guidry did not oppose the State's request.  Dkt 97; see also, Exhibit 1; G. Payton Decl., ¶ 5.

The State filed its Motion for Summary Judgment on May 28. Dkt 98.  Mr. Guidry's opposition was originally due thirty days later, on June 27. Dkt 57.  Mr. Guidry's counsel received a reciprocal sixty day extension to August 26. Dkt 101.  Mr. Guidry then filed his opposition on time,

2

on August 26. Dkt 106; see also, G. Payton Decl., ¶ 6.

Mr. Guidry's counsel provided professional accommodations to counsel for the State; there was no dilatory intent in agreeing to push the briefing schedule. G. Payton Decl., ¶ 4. Had Mr. Guidry's counsel known that the State would turn around and make this argument, they would, of course, have objected to the State's requested extension. G. Payton Decl., ¶ 4.

Second, the State claims that Mr. Guidry is proposing a "wholesale correction of his amended petition." Dkt 108 at 4. This is demonstrably false. The State does not identify any changes other than those specifically marked by Mr. Guidry and highlighted for the Court in redline. The State does not challenge that there are only two proposed changes: (1) to eliminate a few lines of text from a section of the Amended Petition that remained from the version filed in the CCA that do not apply here; and (2) to add back in four pages of text that was in the original petition and was inadvertently omitted. *See* Dkts 103 at 2– 3, 104, 104-1.

Third, the State contends that Mr. Guidry's motion is late because Rule 15 requires an amendment to be made "either 21 days after either serving the pleading or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Dkt 108 at 5. The State mischaracterizes the law. The 21-day time limit applies to a party's right to "amend its pleading once as a matter of course," *i.e.*, without leave of the Court. Fed. R. Civ. P. 15(a)(1). It does not impose a deadline for moving for leave to amend.

This is the first time Mr. Guidry has moved for leave to amend. Mr. Guidry amended as a matter of course after the Court terminated the stay because the procedural history had changed, not to cure any deficiency in his pleading.

Fourth, the State claims that it "submitted a carefully crafted response to Guidry's last amended petition with specific citations to pages in his petition." Dkt. 108 at 4. But the State

3

admits that all is required to respond to Mr. Guidry's Second Amended Petition is to respond substantively to a single discrete claim— "2. Mr. Guidry Was Denied the Fundamental Constitutional Right to a Fair and Impartial Jury Trial Because the Jurors Knew That He Had Been Previously Convicted and Sentenced to Death for Farah Fratta's Murder." Dkt 1 at 248–51.  The State does not account for the fact that it *already substantively responded* to this claim in its original motion for summary judgment.  Any suggestion that responding to this claim will unduly prejudice the State is unavailing.

    None of the State's arguments are valid or consistent with the facts.  And there are no valid arguments against this purely ministerial amendment.  Indeed, the State does not otherwise contend that it is prejudiced, nor does it argue bad faith, dilatory motive, or futility.  The State does not include any declaration of counsel claiming prejudice or bad faith.  Nor does the States challenge that the amendment is necessary because of inadvertence.  The State does not disagree that the proposed amendments relate back to the original petition—nor could it.  The State does not otherwise substantively challenge the petition in opposing the motion to amend.

    The State's argument can be reduced to the following:  "Guidry has been tried and convicted twice. Guidry has filed two federal habeas petitions and this case has been briefed by both parties three times already."  Dkt 108 at 5.  The cynicism inherent in this argument is telling.  This Court and the Fifth Circuit determined that the State violated Mr. Guidry's constitutional rights when it obtained the first conviction.  Mr. Guidry now argues that he was convicted a second time after the State committed the same constitutional violations as the first time, as well as alleging Brady claims for constitutional misconduct.

    What this argument is actually saying is that Mr. Guidry's vindication of his constitutional rights and requiring the State to retry him and now defend the constitutionality of his conviction is a reason to deny his motion to amend to restore a claim that was inadvertently omitted from his

4

Amended Petition.

The State fails to establish any reason that the proposed amendment would not be just.

Respectfully submitted this 13th day of September, 2019.

          KILPATRICK TOWNSEND & STOCKTON LLP

          */s/ Gwendolyn C. Payton*
          Gwendolyn C. Payton
          (Admitted Pro Hac Vice)
          Lisa M.C. Elizondo
          Texas Bar No. 24097647
          Federal ID No. 3443315
          KILPATRICK TOWNSEND & STOCKTON LLP
          1420 5th Ave, Suite 3700
          Seattle, WA 98101
          206-467-9600 Telephone
          206-623-6793 Facsimile
          gpayton@kilpatricktownsend.com

          */s/ W. Alan Wright*
          W. Alan Wright
          Texas Bar No. 22062700
          Federal ID No. 14350
          Catherine J. Barbaree
          Texas Bar No. 34098962
          Federal ID No. 3242838
          KILPATRICK TOWNSEND & STOCKTON LLP
          2001 Ross Avenue, Suite 4400
          Dallas, Texas  75201
          214-922-7131 Telephone
          214-292-9712 Facsimile
          alan.wright@kilpatricktownsend.com

          *Attorneys for Petitioner Howard Paul Guidry*

          Of Counsel:

          */s/ John R. Neeleman*
          John R. Neeleman
          Kilpatrick Townsend & Stockton LLP
          1420 5th Ave, Suite 3700
          Seattle, WA 98101
          206-467-9600 Telephone

206-623-6793 Facsimile
jneeleman@kilpatricktownsend.com

6

KILPATRICK TOWNSEND 72365373 1

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of September 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following and any additional ECF participants:

**Ellen Stewart-Klein**
Office of the Atty Gen
300 W 15th St
8th Floor
Austin, TX 78701
512-936-1400
Email: ellen.stewart-klein@texasattorneygeneral.gov

**Edward Larry Marshall**
Office of the Attorney
General P O Box 12548
Capitol Station
Austin, TX
78711
512-936-1400
Fax: 512-320-8132
Email: edward.marshall@texasattorneygeneral.gov

/s/     *Gwendolyn C. Payton*
         Gwendolyn C. Payton