IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOWARD PAUL GUIDRY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-1885 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Petitioner Howard Paul Guidry filed a federal petition for a writ of habeas corpus on June 26, 2013. (Docket Entry No. 1). The Court stayed and administratively closed this action to allow the exhaustion of state court remedies. (Docket Entry No. 48). After reopening the case, Guidry filed an amended habeas petition on January 25, 2019. (Docket Entry No. 60). On May 28, 2019, Respondent filed a motion for summary judgment. (Docket Entry No. 98). Respondent observed that Guidry's amended petition omitted some arguments he had raised earlier. On that basis, Respondent asked the Court to find that Guidry had abandoned the claims. (Docket Entry No. 98 at 100-101).

Contemporaneous with his reply to the summary judgment motion, Guidry has filed a Motion for Leave to File Second Amended Petition. (Docket Entry No. 103). Guidry wishes to amend to include "two discrete changes from the original Petition" which are "actually errata." (Docket Entry No. 103 at 1). Guidry includes a redlined document as an exhibit which includes the proposed changes. (Docket Entry No. 104, Exhibit A). Arguing

that "these changes are merely technical in nature and involve the same core facts as previous petitions," Guidry contends that amendment will not prejudice Respondent. (Docket Entry No. 103 at 2). Guidry argues that an amendment will not "unduly prejudice" Respondent because she has "already substantively responded to this claim in [the] original motion for summary judgment." (Docket Entry No. 110 at 4).

Respondent opposes the amendment. (Docket Entry No. 108). According to Respondent, "the characterizations as 'errata' by Guidry of the addition of an abandoned claim and substantial change in briefing on a second claim are erroneous." (Docket Entry No. 108). More importantly, Respondent expresses concern that amendment at this late stage of the proceedings would insert needless delay into the habeas process.

Having considered the briefing and the law, the Court **GRANTS** Guidry's motion to amend as follows: The Court finds that an amendment of the petition would unnecessarily delay this action. The Court, however, will consider the redlined portion of Guidry's proposed second amended petition (Docket Entry No. 104, Exhibit A) as a timely supplement to his amended petition. The Court will rely on Respondent's earlier briefing relating to the redlined text in adjudicating the pending summary judgment motion.

The Clerk is directed to provide copies of this order to the parties.

SIGNED at Houston, Texas on ___Sept. 19___, 2019.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE